IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAMON A. ENRIQUEZ, JR., | ) |
| Plaintiff, | ) 4:06cv3192 |
| vs. | ) MEMORANDUM AND ORDER |
| JIM LAWSON, Sheriff of Scottsbluff County, | ) |
| Defendant. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Ramon A. Enriquez, Jr., who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he slipped and fell in a puddle of kool-aid in the Scottsbluff County Jail and suffered physical injuries. As a result, the plaintiff would like the Scottsbluff County Jail to pay him $50,000.

By proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The problem in this case is that the plaintiff's allegations concerning the circumstances of his injury state, at most, a claim of negligence. Negligence by prison officials is not actionable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot

every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d at 1001.

A claim of negligence arises under Nebraska law, not federal law. The plaintiff may be able to pursue a claim in a state court. Therefore, the plaintiff's complaint and this action will be dismissed without prejudice so that he may pursue his claim, if he is so inclined, in an appropriate state forum.

THEREFORE, IT IS ORDERED:

1. That pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the plaintiff's complaint and this action are dismissed; and

2. That judgment will be entered accordingly.

DATED this 29th day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge